UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ADAM YEOMAN,

                Plaintiff,

v.                                             Case No. 17-cv-1199-pp

DR. JEFFREY MANLOVE, *et al.*,

                Defendants.

---

**DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (DKT. NO. 20), DENYING AS MOOT THE PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 21), DENYING THE PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL EXPERT (DKT. NO. 22), DENYING THE PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES (DKT. NO. 24) AND MODIFYING SCHEDULING ORDER**

---

The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants had violated his civil rights at the Waupun Correctional Institution ("WCI"). Dkt. No. 8. The court screened the complaint, and allowed the plaintiff to proceed on an Eighth Amendment claim that Doctor Jeffrey Manlove, Nurse Gail Waltz and Sergeant Jodi Tritt showed deliberate indifference toward his serious medical need by failing to provide treatment for his broken arm for almost an entire week. Dkt. No. 10 at 7. Since then, the plaintiff has filed several motions: (1) a motion to amend the complaint, dkt. no. 20; (2) a motion for extension of time, dkt. no. 21; (3) a motion for appointment of special expert, dkt. no. 22; and (4) a motion to strike affirmative defenses, dkt. no. 24.

1

A.   Motion to Amend Complaint (Dkt. No. 20)

The plaintiff asks to amend his complaint to include a supplemental state law medical malpractice claim against Doctor Manlove and Nurse Waltz. Dkt. No. 20. Although the plaintiff did not file a proposed amended complaint along with his motion to amend, the facts in the plaintiff's original complaint are sufficient to allow him to proceed on this claim, and the defendants have not objected to the motion. In the original complaint, the plaintiff alleged that despite recording his pain as a ten out of ten and hearing from him that he'd heard a bone snap, Nurse Waltz gave him a BandAid, and even though she knew he did not have his own meds or ice, did not give him a medical restriction. Dkt. No. 1 at 3. He alleged that defendant Manlove did not give him an x-ray or get him to an outside emergency room. He did not get a splint, sling or cast, despite his request. Id. at 4. The court will allow the plaintiff to proceed with a supplemental state law medical malpractice claim against defendants Manlove and Waltz.

The plaintiff also asks to proceed with a "garden variety negligence" claim against Manlove, Waltz and Tritt. Dkt. No. 20 at 2. The plaintiff does not provide any further information about this "garden variety" negligence claim—he does not say what these defendant did that constituted negligence. The court will not allow him to add such a vague claim to his complaint.

The court notes that since the plaintiff filed his motion, the defendants have filed their motion for summary judgment. Dkt. No. 27. The court will suspend briefing on the summary judgment motion, and give Manlove and

Waltz a deadline to answer or otherwise respond to the plaintiff's supplemental malpractice claim. Once they have answered or otherwise responded, the court will set new deadlines in accordance with whatever responsive pleading those defendants file.

B.  Motion for an Extension of Time (Dkt. No. 21)

In a motion dated April 2, 2018, the plaintiff asked the court to extend the deadlines for completing discovery and for filing summary judgment motions by sixty days. Dkt. No. 21. He indicated that he had been placed in segregation, had had trouble getting help from jailhouse lawyers, and that the institution was "doing away with legal route." Id. at 1-2. Two weeks after the court received this motion, the court received an "addendum" from the plaintiff, indicating that he no longer needed the extension. Dkt. No. 23. Given that, the court will deny the plaintiff's motion as moot.

C.  Motion for Appointment of Special Expert (Dkt. No. 22)

The plaintiff asked the court to appoint a medical expert to prove his state law medical malpractice claim. Dkt. No. 22. Federal Rule of Evidence 706(a) gives district courts discretion to appoint a medical expert in civil cases. Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997). The fact that a medical expert would help an inmate prevail on his claims at trial, however, does not require the court to exercise its authority under Rule 706. See id. Indeed, a court need not appoint an expert even in cases where the plaintiff *requires* an expert to prove his case. See id.

Rule 706(c) provides that any expert appointed by the court is entitled to reasonable compensation. The court does not have funds to pay an expert. Either the expert must provide services free of charge, or some other entity must pay the expert's fees.

At this stage of the litigation, the plaintiff is not required to prove that Manlove and Waltz committed malpractice. Once those defendants file their responsive pleading, the plaintiff will need to respond to their legal arguments (either in response to a motion to dismiss or an amended motion for summary judgment). If the plaintiff's state-law malpractice claim survives and ends up proceeding to trial, the plaintiff may renew his request that the court appoint an expert.

D.  Motion to Strike Affirmative Defenses (Dkt. No. 24)

Finally, the plaintiff asks the court to strike the defendants' affirmative defenses under Federal Rule of Civil Procedure 12(f). Dkt. No. 24. The plaintiff argues that the defendants are not entitled to qualified/sovereign immunity, and that the defendants did cause his injuries—the injuries were not caused by an "intervening superseding action." Id.

Rule 12(f) allows the court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The plaintiff may disagree with the defendants' affirmative defenses, but the affirmative defenses are not redundant, immaterial, impertinent or scandalous. As employees or agents of the state, they have the right to make a legal argument regarding whether they are entitled to immunity. And they have the

4

right to defend themselves against the plaintiff's allegations that they caused his injuries, or that they made them worse. The plaintiff may address the merits of the affirmative defenses through his response to the summary judgment motion, or at trial. The court will deny the motion to strike affirmative defenses.

E.   Conclusion

The court **GRANTS** the plaintiff's motion to amend the complaint. Dkt. No. 20. The plaintiff may proceed with a supplemental state law medical malpractice claim against Manlove and Waltz.

The court **DENIES** as moot the plaintiff's motion for extension of time. Dkt. No. 21.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for appointment of special expert. Dkt. No. 22.

The court **DENIES** the plaintiff's motion to strike affirmative defenses. Dkt. No. 24.

The court **ORDERS** that the briefing schedule for summary judgment, which the court set in its January 11, 2018 scheduling order at dkt. no. 18, is **SUSPENDED**. The court **ORDERS** that, by the end of the day on Friday, July 13, 2018, defendants Manlove and Waltz shall answer or otherwise respond to

the plaintiff's supplemental state law malpractice claim. Once they have filed their responsive pleading, the court will set new deadlines.

Dated in Milwaukee, Wisconsin this 11th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**