UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADAM YEOMAN,

                Plaintiff,

v.                                                 Case No. 17-cv-1199-pp

DR. JEFFREY MANLOVE, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL (DKT. NOS. 34, 35) AND SETTING NEW BRIEFING DATES**

        The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights at Waupun Correctional Institution (WCI). Dkt. No. 8. On October 26, 2017, the court screened the complaint, and allowed the plaintiff to proceed with an Eighth Amendment claim that Doctor Jeffrey Manlove, Nurse Gail Waltz and Sergeant Jodi Tritt showed deliberate indifference toward his serious medical need by failing to provide treatment for his broken arm for almost an entire week. Dkt. No. 10 at 7. The plaintiff asked to amend the complaint to include a supplemental state law medical malpractice claim against Doctor Manlove and Nurse Waltz, dkt. no. 20, and the court granted the request on June 11, 2018, dkt. no. 33. Because the defendants already had filed a motion for summary judgment on the Eighth Amendment claim, the court suspended summary judgment briefing, and asked the defendants to answer or otherwise

respond to the supplemental state law claims on or before July 13, 2018. Dkt. No. 33.

On July 13, 2018, the defendants filed an amended answer to the complaint. Dkt. No. 37. The court will, therefore, allow the defendants to supplement their motion for summary judgment, on or before **August 31, 2018**. The plaintiff may respond to the defendants' entire motion for summary judgment within **30 days** from the date the defendants file their supplement. See Civ. L. R. 56(b)(2).

The plaintiff also has filed two motions to compel. Dkt. Nos. 34, 35. He asks the court to (1) order the defendants to produce certain documents, (2) order Tritt to respond to his request for admissions, and (3) order Tritt to respond to his request for interrogatories. Id.

Local Civil Rule 37 requires that every motion to compel discovery be accompanied by a written certification that the movant tried in good faith to informally resolve his disputes with the opposing party before seeking the court's assistance. The parties disagree about whether the plaintiff satisfied this requirement. The plaintiff states that he sent a letter to the defendants, trying to informally resolve the dispute before seeking the court's assistance. Dkt. Nos. 34, 35. He attaches the letter he drafted, dated May 29, 2018. Dkt. No. 34-1. The defendants indicate that they never received the letter; they imply that the plaintiff falsified the letter to bypass the requirement to informally resolve the dispute. Dkt. No. 36. Counsel for the defendants states

that the first time he saw this letter was when he reviewed the plaintiff's motions to compel. Id. at 2.

The court expects honesty from all litigants. Misrepresenting information to the court, or presenting false information to the court, can result in the court imposing sanctions on the misrepresenting party. A "sanction" is a punishment, and can include, in the worst cases, denial of motions or dismissal of a case.

The court also reminds the parties that the Federal Rules of Civil Procedure do not allow parties to ask for any and all evidence of any kind. Under Fed. R. Civ. P. 26, a discovery request must seek information that is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[1] The advisory committee notes to Rule 26 indicate that the rule is worded this way to avoid what are known as "fishing expeditions"—requests for large amounts of evidence in the hope that there might be something in that evidence that could prove helpful—and obstructive tactics.

---

[1] The court notes that the defendants' objections include the allegation that the objected-to requests "are not reasonably calculated to lead to the discovery of admissible evidence." See, e.g., Dkt. No. 36 at 3, 4. As of December 2015, however, the "reasonably calculated to lead to the discovery of admissible evidence" standard no longer governs discovery under Rule 26. That standard was replaced by the proportionality standard in the December 2015 amendments.

When a party makes a discovery request, he or she must be specific. One of the objections the defendants have posed to some of the plaintiff's requests is that they are vague. The plaintiff asks for "[a]ll written statements, originals or copies, identifiable as reports . . . ." The defendants respond that if the plaintiff is asking for "incident reports," they are willing to provide those. So the issue there was that the defendants objected because they didn't understand exactly what the plaintiff was requesting. These are the kinds of misunderstandings that the parties ought to be able to clear up by communicating with each other.

The court will give the parties a last opportunity to informally resolve the discovery issues the plaintiff has raised in his two motions. The court will deny the motions to compel without prejudice. If, after conferring with the defendants, the plaintiff still has trouble getting the documents he needs, he may refile his motion to compel.

Because defendant Tritt seeks summary judgment based on the plaintiff's failure to exhaust administrative remedies as to her, see dkt. nos. 27, 28, Tritt may (if she thinks it necessary) ask the court to stay any discovery requests made to her pending resolution of the motion for summary judgment. See Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008).

The court **ORDERS** that the defendants may supplement their motion for summary judgment by the end of the day on **August 31, 2018**. The plaintiff may respond to the defendants' entire motion for summary judgment within **30 days** from the date the defendants file their supplement.

The court **DENIES** the plaintiff's motions to compel without prejudice. Dkt. Nos. 34, 35.

Dated in Milwaukee, Wisconsin this 26th day of July, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**